IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY WAYNE JACKSON, TDCJ #1989547, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-1269 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

### ORDER

Roy Wayne Jackson (TDCJ #1989547) has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition")(Docket Entry No. 1), seeking relief from a conviction entered against him in Montgomery County, Texas. On April 16, 2019, the clerk's office issued a Notice of Deficient Pleading, requiring Jackson to pay the filing fee or provide a properly supported application to proceed in forma pauperis within thirty days (Docket Entry No. 5, p. 1). Jackson's time to comply has not yet expired. Now pending before the court is a letter from Jackson which requests appointment of counsel (Docket Entry No. 2). Jackson has also filed a Motion for Bench Warrant (Docket Entry No. 6). Both requests will be denied at this time for the reasons explained briefly below.

Habeas corpus proceedings in federal court are civil actions for which there is no absolute constitutional right to the assistance of counsel. See Pennsylvania v. Finley, 107 S. Ct. 1990, 1993 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); see also Fairman v. Anderson, 188 F.3d 635, 642 (5th Cir. 1999) (explaining that "there is no constitutional right to counsel on habeas review"). A court may provide a non-capital habeas petitioner with representation where "the interests of justice so require" if the petitioner demonstrates that he is "financially eligible" for appointed counsel under 18 U.S.C. § 3006A(2)(B).

To date, Jackson has not filed a properly supported application for leave to proceed in forma pauperis using the form provided by the clerk's office and he has not otherwise provided proof of indigence as required by submitting a certified copy of his inmate trust fund account statement or other documentation in compliance with 28 U.S.C. § 1915(a)(1). More importantly, Jackson does not allege specific facts showing that a hearing is required see 28 U.S.C. § 2254(e)(2), or that the interests of justice favor appointing counsel in this proceeding. As a result, Jackson's requests for appointment of counsel and for a bench warrant to secure his presence for a hearing in this matter will be denied.

Accordingly, the court **ORDERS** as follows:

1. The request for appointment of counsel made by Roy Wayne Jackson (Docket Entry No. 2) is **DENIED**.

2.  Jackson's Motion for Bench Warrant (Docket Entry No. 6) is **DENIED**.

The Clerk will provide copies of this Order to the petitioner.

**SIGNED** at Houston, Texas, on this 23rd day of April, 2019.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE